IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DETRICK CULLUM, #M-22036, ) | |
| MARQUISE CRAIG, #M-11598, ) | |
| DONALD WILLIAMS, #R-56842, and ) | |
| ALPHONSO ADAMS, #R-62074, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 15-cv-0057-SMY |
| ) | |
| C/O DAVIS, C/O NALLEY, ) | |
| LOUIS BROWDER, ) | |
| JOANNA HOSCH, and ) | |
| TODD SHEFFLER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This *pro se* complaint was filed by Plaintiff Detrick Cullum on behalf of himself and three other inmates. (Doc. 1). Among other claims, the complaint asserts that Defendants retaliated against Plaintiffs for complaining about the conduct of a correctional officer, and that Defendants retaliated against Plaintiffs Craig, Williams, and Adams for associating with Plaintiff Cullum. The matter is now before the Court for case management purposes.

In a prior Order dated February 11, 2015 (Doc. 6), the Court, in accordance with *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), warned Plaintiffs of the hazards associated with joint litigation, and emphasized the challenges of such litigation particularly in this case, where Plaintiffs are not all housed at the same institution. The Court advised each non-lead Plaintiff (Craig, Williams, and Adams) that he must advise the Court by March 4, 2015 if he wished to participate in the present group litigation or if he wanted to pursue his claims

individually in a separate lawsuit. The Court also ordered each non-lead Plaintiff who wished to proceed to either 1) pay the filing fee of $400.00 or 2) file a properly completed motion for IFP on or before March 4, 2015. The Court explained that any non-lead Plaintiff who took no action would be dismissed without prejudice from the present action and not charged a filing fee.

To date, Plaintiffs Craig and Williams have not responded to the Court's Order (Doc. 6) and, therefore, have not indicated a desire to join this group litigation. Accordingly, Plaintiffs **CRAIG** and **WILLIAMS** are **DISMISSED** from this action without prejudice and shall not be assessed a filing fee.

Plaintiff Adams never directly advised the Court that he wished to proceed in the present action, but he did file a motion for leave to proceed IFP, which the Court interprets as an indication of his intent to opt in to this litigation. (Doc. 7). However, Adams failed to submit the required inmate trust fund account statement. Before the Court can rule on Plaintiff Adams' motion for leave to proceed IFP, the Court must review the prisoner trust fund account statement for the 6 month period immediately preceding the filing of this action. *See* 28 U.S.C. § 1915(b)(1). **IT IS THEREFORE ORDERED** that Plaintiff Adams shall provide the Clerk of Court with a copy of his trust fund account statement and a certification completed by the Trust Fund Officer at the facility in accordance with the instructions below.

In addition to Adams, Plaintiff Cullum shall remain a plaintiff in this action. In its prior Order, the Court identified Plaintiff Cullum as the lead Plaintiff, since he was the only plaintiff who had signed the complaint and filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). The Court explained that Cullum, unlike the non-lead Plaintiffs, could not escape his obligation to pay the filing fee since he had initiated the suit, but that he could seek to sever his claims if he wished to pursue them in a separate, individual action. Plaintiff Cullum has not

indicated a desire to do so; therefore, he shall remain a plaintiff in the present case. Plaintiff Cullum's motion for IFP (Doc. 2) remains **PENDING** and shall be addressed in a separate order by the Court.

### The Complaint

Rule 11 of the Federal Rules of Civil Procedure provides, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Thus, as long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 831 (7th Cir.1986); Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. In its prior Order (Doc. 6), the Court cautioned that all documents filed on behalf of multiple Plaintiffs ***must be signed by each of the Plaintiffs*** and that pleadings that failed to comply with that requirement would be stricken pursuant to Rule 11. At present, only Plaintiff Cullum has signed the complaint. As such, in accordance with Rule 11, the original complaint (Doc. 1) shall be **STRICKEN**. In order to proceed with this action, Plaintiffs Cullum and Adams are **ORDERED** to file an amended complaint, signed by Plaintiffs Cullum and Adams, within 35 days of the date of this order (on or before June 15, 2015).

Plaintiffs should bear in mind that the amended complaint must also comply with Rules 18 and 20 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P.

20(a)(2)(A), (B).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  When this occurs, under Federal Rule of Civil Procedure 21, severance may be appropriate if the two resulting claims are "discrete and separate." *Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000); *see also George,* 507 F.3d at 607.

As the complaint currently stands, the claims asserted against Defendant Hosch, and possibly Defendant Browder, do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as the claims asserted against Defendants Davis and Nally.  If Plaintiffs wish to avoid severance, and the filing fees which shall attach, they should limit the amended complaint to claims that are factually and legally related.  Unrelated claims may be filed in separate lawsuits.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiffs **CRAIG** and **WILLIAMS** are **DISMISSED** without prejudice from this action and shall not be assessed a filing fee.  At this stage, Plaintiffs **ADAMS** and **CULLUM** may proceed as co-Plaintiffs.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **STRICKEN** for failure to comply with Rule 11 of the Federal Rules of Civil Procedure.

Plaintiffs **CULLUM** and **ADAMS** are **ORDERED** to file a properly signed amended complaint within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before June 15, 2015).  Should Plaintiffs fail to file a properly signed amended complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,*

34 F.3d 466 (7th Cir. 1994). Once the Court has received an amended complaint signed by both Plaintiffs, the Court will complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs Adams and Cullum are **ADVISED** that when they are drafting the amended complaint, it is strongly recommended that they use the forms designed for use in this District for such actions. They should label the form, "First Amended Complaint," and they should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. In particular, the allegations should demonstrate which defendant(s) are personally responsible for any claimed violation of Plaintiffs' constitutional rights.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading.

The Clerk is **DIRECTED** to send a copy of this order to each of the originally-named four Plaintiffs. In addition, the Clerk is **DIRECTED** to send Plaintiff **ADAMS** a trust fund account certification form.

**IT IS FURTHER ORDERED** that Plaintiff Adams shall provide the Clerk of Court with the attached certification completed by the Trust Fund Officer at the facility and a copy of his trust fund account statement (or institutional equivalent) for the period from July 1, 2014 to

January 20, 2015, no later than three weeks from the date of this Order (on or before **June 1, 2015**). This information should be mailed to the Clerk of Court at the following address: United States District Court—Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.  Failure to do so may result in his dismissal from this action for failure to comply with an Order of this Court. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiffs are **ADVISED** that the filing fee for this action remains due and payable, regardless of whether Plaintiffs elect to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2015**

s/ STACI M. YANDLE  
United States District Judge