IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DETRICK CULLUM, #M-22036 and ALPHONSO ADAMS, #R-62074, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )  Case No. 15-cv-0057-SMY ) |
| C/O DAVIS, C/O NALLEY, LOUIS BROWDER, JOANNA HOSCH, and TODD SHEFFLER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court for case management purposes. This case was initiated by a *pro se* complaint (Doc. 1) filed by Plaintiff Detrick Cullum on behalf of himself and three other inmates. The events giving rise to this civil rights complaint occurred while Plaintiff Cullum and the other three inmates were incarcerated at Big Muddy Correctional Center ("Big Muddy").[1] The complaint alleged that Defendants retaliated against Plaintiff Cullum and three other inmates for complaining about the conduct of a correctional officer at Big Muddy.

In a prior Order (Doc. 6), the Court, in accordance with *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), warned Plaintiffs of the hazards associated with joint litigation, and emphasized the challenges of such litigation particularly in this case, where Plaintiffs are not all

---

[1] At the time the Complaint was filed, all four of the named Plaintiffs had been transferred out of Big Muddy and were being housed at three different correctional facilities. *See* Doc. 6, p. 1. According the Illinois Department of Corrections website, Plaintiff Cullum is currently confined at Hill Correctional Center and Plaintiff Adams is confined at Lawrence Correctional Center. *See w*ebsite of the Illinois Department of Corrections, Inmate Search Page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited January 11, 2016).

housed at the same institution. Noting that only Plaintiff Cullum had signed the complaint and submitted a motion to proceed *in forma pauperis*, the Court designated him the "lead Plaintiff" and advised each non-lead Plaintiff that he must advise the Court by March 4, 2015 if he wished to proceed with the group litigation. In addition, the Court ordered each non-lead Plaintiff who wished to proceed to either 1) pay the filing fee of $400.00 or 2) file a properly completed motion for IFP on or before March 4, 2015. The Court explained that any non-lead Plaintiff who took no action would be dismissed without prejudice from the present action and not charged a filing fee.

Two of the originally named Plaintiffs never responded. These two Plaintiffs, Marquise Craig and Donald Williams, were dismissed from the action without prejudice in an order dated May 11, 2015. (*See* Doc. 9). Plaintiff Adams never directly advised the Court that he wished to proceed in the present action, but he did file a motion for leave to proceed IFP (Doc. 7), which the Court interpreted as an indication of his intent to opt in to this litigation. However, the Court was unable to proceed with its preliminary review because Plaintiffs Cullum and Adams had not submitted a complaint signed by both of them. In an Order striking the complaint, the Court explained:

> Rule 11 of the Federal Rules of Civil Procedure provides, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Thus, as long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 831 (7th Cir.1986); Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. In its prior Order (Doc. 6), the Court cautioned that all documents filed on behalf of multiple Plaintiffs *must be signed by each of the Plaintiffs* and that pleadings that failed to comply with that requirement would be stricken pursuant to Rule 11. At present, only Plaintiff Cullum has signed the complaint. As such, in accordance with Rule 11, the original complaint (Doc. 1) shall be **STRICKEN**. In order to proceed with this action, Plaintiffs Cullum and Adams are **ORDERED** to file an amended complaint, signed by Plaintiffs Cullum and Adams, within 35 days of the date of this order (on or before June 1, 2015).

(Doc. 9, p. 3) (emphasis in original).

To date, Plaintiffs have failed to file an amended complaint that complies with the signature requirement set forth in Rule 11. Instead, Plaintiffs Cullum and Adams have filed separate, individual complaints. (*See* Docs. 16 and 17). The complaints are not identical; Plaintiffs have named different Defendants and while at least some of the factual allegations overlap, Plaintiff Cullum has also included a number of independent claims.

Rule 20 of the Federal Rules of Civil Procedure permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Here, Plaintiffs Cullum and Adams assert that Defendants retaliated against them when they complained about the conduct of Defendant Davis after he slammed the door on several inmates and refused to allow them to attend breakfast. This claim arises out of the same transaction and would certainly touch on common questions of law. *See* Fed.R.Civ.P. 20(a)(1)(B); *Lee v. Cook County,* 635 F.3d 969, 971 (7th Cir.2011); *Boriboune v. Berge,* 391 F.3d 852, 856 (7th Cir.2004). As such, the claim satisfies the standard for permissive joinder under Rule 20. Nonetheless, the Court has determined that joinder of Plaintiffs Cullum and Adams would not be appropriate in this case.

Courts are granted wide discretion on the question of joinder. *See Chavez v. Ill. State Police,* 251 F.3d 612, 632 (7th Cir.2001). In *Chavez*, the Seventh Circuit noted,

> [T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, "'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Id.* at 58 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980)). If joinder would create "prejudice, expense or delay" the court may deny the motion. Charles Alan Wright, et al., Federal Practice and Procedure § 1652 at 396 (2001).

*Chavez*, 251 F.3d at 632.

Plaintiffs Cullum and Adams are presently housed at different correctional institutions. As the Court previously advised, being housed at different facilities poses significant barriers to joint litigation. For example, as discussed above, Plaintiffs have yet to file a single pleading that complies with Rule 11's requirement that every document be signed by each unrepresented plaintiff. Rule 11's signature requirement and sanction provisions go hand-in-hand. By signing a pleading,

> [An] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)** [the document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11.

Without the signature of both Plaintiffs on every document submitted to the Court, the Court cannot be assured that each Plaintiff is aware of and willing to take full responsibility for the contents of every document. As a matter of fairness, the Court does not wish to impose sanctions or assess strikes against an uninformed co-plaintiff. As the Seventh Circuit has noted, "A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.R.Civ.P. 11, or may count toward the limit of three weak *forma pauperis* claims allowed by § 1915(g)." *Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir.

2004). But with joint litigation under Rule 20, an inmate "takes those risks for *all* claims in the complaint, whether or not they concern him personally." *Id*.

Exercising its discretion, the Court finds that joinder in this case would further delay the fair and efficient litigation of the present case. As such, the Court has determined that the claims in this case **should not be joined**. Plaintiff Cullum may proceed on his complaint in the instant case, but Plaintiff Adams' claims shall be severed and proceed in a separate case. Although it is typically the practice in this Court that all severed claims are randomly assigned to a district court judge, because of the overlap of claims in this case, and the potential that some claims may be consolidated for purposes of discovery and/or trial in the future, the undersigned Judge shall be assigned to the newly-severed case. The Court shall conduct separate preliminary reviews in each case pursuant to 28 U.S.C. § 1915A. Separate threshold screening orders shall issue shortly.

## **Pending Motion**

Plaintiff Cullum has filed a motion for status/update (Doc. 19). This motion is **GRANTED IN PART AND DENIED IN PART**. To the extent that the motion requests an update, the motion is **GRANTED.** With the issuance of this Order, the current status of this case has been addressed. The motion also requests a copy of the docket sheet. Copies of the Court's docket sheet are available at a cost of $.50 per page. *See* 28 U.S.C. § 1914(b). This portion of the motion, therefore, is **DENIED.** As a general rule the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees §(4)

provides that a fee of $.50 per page shall apply for reproducing any record or paper. Should Plaintiff wish to order a copy of the Court's docket sheet, the fee shall be $2.00 for 4 pages.

### **Dispostion**

**IT IS HEREBY ORDERED** that the claims contained in Plaintiff Adams' complaint (Doc. 17) shall be severed into a new case. The Clerk is hereby **DIRECTED** to assign the newly opened case to the undersigned judge and to file the following documents in the newly opened case:

    1) This Memorandum and Order;

    2) Plaintiff Adams' Complaint (Doc. 17);

    3) Plaintiff Adams' motion to proceed IFP (Doc. 7);

    4) Plaintiff Adams' Trust Fund Statement (Doc. 12); and

    5) The Order granting Plaintiff Adams' motion to proceed IFP (Doc. 14).

**IT IS SO ORDERED.**

**DATED: January 15, 2016**

                                              s/ STACI M. YANDLE
                                              United States District Judge