IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DETRICK CULLUM, #M-22036,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-0057-SMY |
| | ) |
| **C/O DAVIS, C/O NALLEY,** | ) |
| **LT. LOUIS BROWDER, and** | ) |
| **JOANNA HOSCH,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Detrick Cullum, currently incarcerated at Hill Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case was initiated by a *pro se* complaint (Doc. 1) filed by Plaintiff on behalf of himself and three other inmates. The events giving rise to the complaint occurred while Plaintiff and the other three inmates were incarcerated at Big Muddy Correctional Center ("Big Muddy").

After the Court gave the originally-named plaintiffs the opportunity to opt out of this litigation, only two plaintiffs, Detrick Cullum and Alfonso Adams, remained in this action. In an Order dated May 11, 2015, the Court ordered Cullum and Adams to file an amended complaint signed by both of them. (*See* Doc. 9). Instead of filing a joint complaint, Cullum and Adams each filed separate complaints. (*See* Docs. 16 and 17). In light of the fact that Cullum and Adams are housed at different correctional facilities, which makes communication between inmates very difficult, in a Memorandum and Order dated January 15, 2016, the Court severed this case into two separate actions. (*See* Doc. 20).

Now before the Court is Plaintiff Cullum's amended complaint (Doc. 16). The Court is required, under § 1915A, to promptly screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

The events giving rise to Plaintiff's claims occurred while Plaintiff was confined at Big Muddy. The amended complaint (Doc. 16) sets forth the following allegations. On July 22, 2014, Plaintiff and several other inmates were on their way to breakfast when Defendant Davis, a correctional officer, slammed the door in their faces, preventing them from continuing on to breakfast. *Id*. at p. 8. Plaintiff claims that Defendant Davis did the same thing "every single morning" and that Davis and his cohorts would then laugh at the inmates. *Id*. One of the inmates returned to his cell, but the other inmates, including Plaintiff, did not and instead asked to speak with a lieutenant. *Id.* Davis left and when he returned, he told the inmates, "The lieutenant isn't coming over here until after breakfast, so you're not eating anyway, so go lock your asses up." *Id*. As Defendant Davis was leaving, he said, "Dumb n*gg*rs." *Id*.

Later, Defendant Browder and three other correctional officers appeared at Plaintiff's cell. *Id*. at 9. Browder told Plaintiff to face the wall and put his hands up. Plaintiff complied and Browder frisked Plaintiff. When Plaintiff asked why he was going to segregation, Browder responded, "For being the same dumb-ass you." *Id*. Browder then yanked Plaintiff's left arm behind his back and shoved his wrist up toward the middle of his back with such force that Plaintiff's left shoulder hurt for a month. *Id*. Plaintiff also claims that Browder twisted

Plaintiff's wrist so hard that it felt like he was trying to break it and placed handcuffs on him so tightly that it cut off circulation to his wrists. *Id*. When Plaintiff told Browder that he thought something was wrong with his shoulder, Browder simply replied, "You're fine." *Id*. At the time of the incident, Plaintiff had a lawsuit pending against Browder.[1]

Plaintiff and three other inmates involved in the incident were taken to segregation and placed under investigative status. *Id*. at 9-10. During the course of the investigation, Defendant Nalley, an internal affairs officer, tried to turn the other inmates who were involved in the incident against Plaintiff. *Id*. at 10. Nalley told the other inmates that they were in trouble and would be sent to segregation because of Plaintiff. Nalley also told them that the reason nobody liked Plaintiff was because he sues people and that they had "picked the wrong person to get into this situation with." *Id*. at 10. The other inmates told Plaintiff that Nalley had tried to convince them to place the blame on Plaintiff. *Id*. Plaintiff claims that Nalley's comments to the other inmates jeopardized his safety, although he acknowledges that he was never harmed. *Id*. at 11.

After spending 30 days in administrative segregation, Plaintiff and three other inmates (who were initially named as co-plaintiffs in this action) were found guilty of insolence and disobeying a direct order. Plaintiff was punished with three months segregation, three months loss of gym and yard privileges, three months commissary restrictions and three months C-grade status. *Id*. In addition, all four of the inmates involved, including Plaintiff, were given disciplinary transfers. Plaintiff asserts that his race was a factor in how he was treated during and after the incident. *Id*. at 12. Specifically, Plaintiff alleges that only the African-American inmates involved in the incident received disciplinary tickets.

---

[1] Plaintiff implies that the pending lawsuit had something to do with the rough treatment he received from Browder.

Prior to being transferred out of Big Muddy, Plaintiff asked Defendant Hosch, a law library clerk, for assistance in sending out legal documents. Defendant Hosch refused to assist Plaintiff with some of his requests (i.e., purchasing envelopes from the commissary and mailing out, rather than e-filing, certain documents) and wrote him a disciplinary ticket stating she "will never be an [inmate's] secretary" and she was "not a gopher." *Id*. at 13. Plaintiff seeks monetary damages and injunctive relief.

### **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated the following colorable federal claims, which shall receive further review:

> **Count 1:** Eighth Amendment cruel and unusual punishment claim against Defendant Davis for repeatedly slamming the door in Plaintiff's face, refusing Plaintiff breakfast on an ongoing basis, and generally engaging in conduct intended to harass Plaintiff without any penological justification.
>
> **Count 2:** Fourteenth Amendment equal protection claim against Defendant Davis for issuing disciplinary tickets only against Plaintiff and other African-American inmates following the incident on July 22, 2014, while not issuing disciplinary tickets to white inmates who engaged in the same conduct as Plaintiff on the same day.
>
> **Count 3:** First Amendment retaliation claim against Defendant Davis for issuing Plaintiff a disciplinary ticket after Plaintiff sought to complaint about Davis' conduct following the July 22, 2014 incident.

> **Count 4:** Eighth Amendment excessive force claim against Defendant Browder for using more force than was penologically justified against Plaintiff following the incident on July 22, 2014.
>
> **Count 5:** First Amendment retaliation claim against Defendant Browder for using excessive force against Plaintiff on July 22, 2014 in retaliation for Plaintiff suing Browder.

## Claims Subject to Dismissal

> **Count 6:** Eighth Amendment claim against Defendant Nalley for attempting to turn other inmates against Plaintiff during his investigation of the incident on July 22, 2014.

Plaintiff alleges that during the course of the investigation into the July 22, 2014 incident, Defendant Nalley, an internal affairs officer, tried to turn the other inmates who were involved in the incident against Plaintiff. Plaintiff insists that Nalley's negative commentary about him put him at risk of being attacked by other inmates, although he acknowledges that he was never harmed by any other inmate. Plaintiff's narrative regarding Nalley's conduct suggests possible unprofessional conduct, but it is unclear under what legal theory Plaintiff believes Nalley violated his constitutional rights.

It is possible that Plaintiff has a failure to protect claim against Nalley, but at this point he has failed, even under Rule 8's liberal pleading standards, to state such a claim. Under the Eighth Amendment, prison officials must take "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To state a failure to protect claim, an inmate must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) prison officials acted with "deliberate indifference" to that risk. *Id*. at 834. A prison official who intentionally or with reckless indifference exposes an inmate to psychological harm or a heightened risk of future injury may be liable, even if no attack occurred. *See Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (citing *Irving v. Dormire,*

519 F.3d 441, 449 (8th Cir.2008) (concluding that guard's alleged attempts to induce other inmates to assault plaintiff prisoner "posed a substantial risk of serious harm to [the prisoner's] future health")). Here, Plaintiff has failed to allege, beyond rank speculation, that Nalley's conduct put his safety at risk. As such, Plaintiff has failed to state a colorable federal claim against Nalley at this time.

> **Count 7:** Access to courts claim against Defendant Hosch for refusing to assist Plaintiff with submitting certain legal documents.

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Without a right of access to the courts, all other rights an inmate may possess are illusory, being "entirely dependent for their existence on the whim or caprice of the prison warden." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Adams v. Carlson,* 488 F.2d 619, 630 (7th Cir.1973)); *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir.1988). The right to access the courts is violated when a prisoner is deprived of such access and suffers actual injury as a result. *Lewis v. Casey,* 518 U.S. 343, 350 (1996). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Plaintiff claims that Defendant Hosch, a law library paralegal, refused to assist him with preparing and mailing out certain legal documents, and she was generally hostile to Plaintiff's request for help. However, Plaintiff fails to allege that Defendant Hosch's actions caused him to suffer an actual injury in connection with any present or impending lawsuit. A general allegation of prejudice, without more, is insufficient to state an access to courts claim. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Even if Defendant Hosch's actions delayed Plaintiff's

ability to file documents in a lawsuit, a delay becomes an injury only if it results in "actual substantial prejudice to specific litigation." *Gentry v. Duckworth,* 65 F.3d 555, 559 (7th Cir.1995). Since Plaintiff has failed to allege that he suffered an actual injury, this claim shall be dismissed without prejudice. Additionally, the claim asserted in Count 7 does not arise from the same transaction, occurrence or series of transactions or occurrences as Counts 1-6. Separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As such, if Plaintiff wishes to amend this claim with additional facts regarding his Count 7 claim, he must file a separate complaint and pay a second filing fee.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on the following claims: **COUNT 1** (Eighth Amendment claim), **COUNT 2** (equal protection claim), and **COUNT 3** (retaliation claim) against Defendant **DAVIS;** and **COUNT 4** (excessive force claim) and **COUNT 5** (retaliation claim) against Defendant **BROWDER.**

**IT IS FURTHER ORDERED** that **COUNT 6** (failure to protect claim) against Defendant **NALLEY** and **COUNT 7** (access to courts claim) against Defendant **HOSCH** shall be **DISMISSED WITHOUT PREJUDICE.** Defendants **NALLEY** and **HOSCH** shall be **DISMISSED WITHOUT PREJUDICE** from this action.

The Clerk of Court shall prepare for Defendants **DAVIS** and **BROWDER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application

to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 29, 2016**

s/ STACI M. YANDLE  
United States District Judge