## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DETRICK CULLUM, #M-22036,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 15-cv-00057-SMY-PMF** |
| | ) | |
| **C/O DAVIS, C/O NALLEY, and** | ) | |
| **LT. LOUIS BROWDER,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Cullum's Motion for Reconsideration (Doc. 27). The motion was filed on February 22, 2016, within 28 days of the Order for which reconsideration is sought (Doc. 22).

## Legal Standard

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment

motions filed within [28] days of judgment would be construed as Rule 59(e) motions- no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001) (citation omitted).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's motion was filed within 28 days of the order he challenges, therefore, either Rule 59(e) or Rule 60(b) may be applied. Plaintiff asserts that the Court made a mistake of fact which led to the dismissal of Defendant Nalley. Accordingly, the Court construes the motion as having been brought pursuant to Rule 59(e).

## Discussion

In his Complaint, Cullum alleged that Defendant Davis had a routine practice of slamming the door on him and fellow inmates each day as they attempted to exit the housing unit for breakfast (Doc. 16 at 8). On July 22, 2014, Cullum and fellow inmates expressed dissatisfaction with this practice and asked to speak with a supervisor (*Id.*). Davis denied that request and did not allow the inmates to proceed to chow (*Id.*). During the course of the morning, the inmates succeeded in relaying their complaints about Davis' conduct to another prison official who said she would report it (*Id.* at 9).

Shortly thereafter, Defendant Browder showed up at Cullum's cell and told him he was being taken to segregation (*Id.*). He and three other inmates were ultimately taken to segregation on "investigative status" in connection with the morning's events (*Id.*). Cullum alleges that while in investigative segregation, Defendant Nalley attempted to turn the three other inmates against him (*Id.*). Nalley's efforts cause Plaintiff fear, though his fears never came to fruition and he did not suffer harm (*Id.* at 10-11). Ultimately, Plaintiff and the three others received disciplinary infractions as a result of the incident with Davis, including lost commissary and recreation privileges, segregation, C-grade status and disciplinary transfers to other IDOC facilities (*Id.* at 11-12). All four inmates that received discipline for the July 22, 2014 incident were African American, while two to four other white inmates were not disciplined over the incident (*Id.*).

For screening purposes, this Court divided Cullum's Complaint into seven distinct counts, dismissing the only count it enumerated against Defendant Nalley—Count 6 for failure to protect from Davis's conduct (Doc. 22 at 4-5).

In his Motion for Reconsideration, Plaintiff asserts that dismissal of Nalley was erroneous (Doc. 27 at 1-3). Specifically, Plaintiff contends that the Court's enumeration of the counts was mistaken to the extent that it associated two counts solely with Defendant Davis for issuing a disciplinary ticket to Plaintiff (Counts 2 and 3) (Doc. 22 at 4). Plaintiff alleges that Defendants Davis and Nalley were co-conspirators in the issuance of the disciplinary tickets and thus they both participated in the conduct outlined in Counts 2 and 3 (Doc. 27 at 1-3). Plaintiff alleged conspiracy in his original Complaint and those allegations of conspiracy are consistent with the allegations in his Motion to Reconsider (Doc. 16 at 14-15; Doc. 27 at 1-3). Plaintiff supports his assertion with copies of the disciplinary ticket which reflects Nalley as the reporting officer (*Id.* at 5-8).

Cullum has shown a mistake of fact by the Court in screening Counts 2 and 3 in so much as the Court inferred that Defendant Davis issued the disciplinary tickets related to the incident on July 22, 2014. The evidence Collum proffered along with his Motion to Reconsider clearly reflects that Defendant Nalley issued the disciplinary tickets (Doc. 27 at 5-8). Accordingly, Counts 2 and 3 shall be amended to reflect Defendant Nalley's participation in issuing the disciplinary tickets. However, rather than just adding Defendant Nalley, it is appropriate for the Court to also consider if Defendant Davis was mistakenly named in these counts.

As to Count 2, Defendant Davis did not issue the ticket, so he cannot be responsible under Count 2 as presently framed by the Court ("Fourteenth Amendment equal protection claim

against Defendant Davis for issuing disciplinary tickets only against Collum and other African American inmates following the incident on July 22, 2014, while not issuing disciplinary tickets to white inmates who engaged in the same conduct as Collum on the same day.") However, it is feasible that Defendant Davis could be liable under a theory of conspiracy, as originally alleged by the Collum and highlighted in his Motion to Reconsider.

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002); *see also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Here, in light of the evidence included in the Motion to Reconsider, the Collum has set forth sufficient facts to allege a potential conspiracy regarding the issuance of the disciplinary ticket. Collum alleges that Davis and Nalley worked inseparably in issuance of the ticket. Nalley was not present when Davis slammed the door on July 14, 2014, so in Order for Nalley to have issued disciplinary tickets about the event, it is reasonable to infer that he had to communicate with Davis to learn about the event. Whether that communication went so far as to constitute a conspiracy is unclear and the Court is unable to make that determination at this juncture. Accordingly, Count 2 will be allowed to continue as to Defendants Davis and Nalley for conspiracy and for an underlying Fourteenth Amendment violation.

With relation to Count 3, the same analysis with respect to a potential conspiracy is applicable. It is feasible that Davis and Nalley worked in concert to issue disciplinary tickets in a

retaliatory fashion. Accordingly, Count 3 will also be allowed to continue as to Defendants Davis

and Nalley for a conspiracy and an underlying First Amendment violation based on retaliation.

Upon review of the record, the Court is convinced that its ruling solely naming Davis in

connection with Counts 2 and 3 and entirely dismissing Defendant Nalley during its review

pursuant to 28 U.S.C. § 1915A was mistaken. Therefore, the Motion for Reconsideration (Doc.

27) is **GRANTED** in accordance with Fed. R. Civ. Proc. 59(e). Accordingly, Counts 2 and 3

shall be amended to read as follows:

> **Count 2:**    Fourteenth Amendment equal protection claim and related conspiracy claim against Defendants Davis and Nalley for issuing disciplinary tickets only against Plaintiff and other African-American inmates following the incident on July 22, 2014, while not issuing disciplinary tickets to white inmates who engaged in the same conduct as Plaintiff on the same day; and,

> **Count 3:**    First Amendment retaliation claim and related conspiracy claim against Defendants Davis and Nalley for issuing Plaintiff a disciplinary ticket after Plaintiff sought to complain about Davis' conduct following the July 22, 2014 incident.

The foregoing analysis of these revised counts shall be incorporated by reference into this

Court's January 29, 2016 Memorandum and Order Doc. 22).

### Disposition

**IT IS ORDERED** that the Plaintiff Cullum's Motion for Reconsideration is hereby

**GRANTED** and the **COMPLAINT** shall receive further review as to **DEFENDANT**

**NALLEY,** as set forth in this Memorandum and Order. The Clerk of the Court is **DIRECTED**

to reinstate the Complaint (Doc. 16) against **DEFENDANT NALLEY in Counts 2 and 3** as set

forth in this Memorandum and Order.

Accordingly, with respect to the **COMPLAINT**, the Clerk of Court shall prepare for

**DEFENDANT NALLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant Nalley's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

The Clerk is also **DIRECTED** to mail a courtesy copy of the Complaint, reflecting the reinstatement of Defendant Nalley, to Defendants Davis and Browder.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant **NALLEY** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

As noted in the Court's original referral order, pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Daly** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge**

**Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**