# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DETRICK CULLUM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-57-SMY-RJD |
| | ) |
| **C/O DAVIS, et al.** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendants' Motion for Sanctions. (Doc. 54.) Plaintiff Detrick Cullum is an inmate in the custody of the Illinois Department of Corrections at Hill Correctional Center. On January 20, 2015, Cullum commenced an action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 1.) He subsequently amended his Complaint and now proceeds on the following claims:

**Count 1:** Eighth Amendment cruel and unusual punishment claim against Defendant Davis for repeatedly slamming the door in Plaintiff's face, refusing Plaintiff breakfast on an ongoing basis, and generally engaging in conduct intended to harass Plaintiff without any penological justification.

**Count 2:** Fourteenth Amendment equal protection claim against Defendant Davis for issuing disciplinary tickets only against Plaintiff and other African-American inmates following the incident on July 22, 2014, while not issuing disciplinary tickets to white inmates who engaged in the same conduct as Plaintiff on the same day.

**Count 3:** First Amendment retaliation claim against Defendant Davis for issuing Plaintiff a disciplinary ticket after Plaintiff sought to complaint about Davis' conduct following the July 22, 2014 incident.

      **Count 4:** Eighth Amendment excessive force claim against Defendant Browder for using more force than was justified against Plaintiff following the incident on July 22, 2014.
      **Count 5:** First Amendment retaliation claim against Defendant Browder for using excessive force against Plaintiff on July 22, 2014 in retaliation for Plaintiff suing Browder.

(Doc. 16, 22.)

On July 10, 2017, Defendants moved for sanctions seeking dismissal of this action with prejudice due to Cullum's failure to disclose his litigation history. (Doc. 54.) Defendants argue that Plaintiff failed to disclose five separate federal lawsuits: (1) *Young v. County of Cook*, Case No. 06-cv-552 (N.D. Ill.); (2) *Cullum v. Loevy and Loevy Law Firm*, Case No. 12-cv-9143 (N.D. Ill.) ("*Loevy*"); (3) *Cullum v. Godinez*, Case No. 13-cv-1599 (C.D. Ill.; (4) *Cullum v. Cook County*, Case No. 14-cv-7346 (N.D. Ill.); (5) *Cullum v. Will County*, Case No. 15-cv-213 (N.D. Ill.) ("*Will County*").

Cullum concedes that he failed to disclose *Will County* and *Loevy*, but asserts that *Will County* was filed prior to the instant action and that he unintentionally overlooked his failure to disclose *Loevy*. Review of the docket history in *Loevy*, *Will County* and the instant action indicates the following:

1. Cullum commenced *Loevy* on November 14, 2012 in the Northern District of Illinois.

2. On November 27, 2012, the Northern District of Illinois dismissed *Loevy* without prejudice.

3. Cullum commenced *Will County* on January 7, 2015 in the Northern District of Illinois by submitting a Complaint dated December 12, 2014.

4. On January 20, 2015, Cullum commenced the instant action by submitting a Complaint dated January 5, 2015.

5. The Northern District of Illinois dismissed *Will County* with prejudice on February 4, 2015 based on Cullum's failure to disclose his litigation history and expressly advised him of his failure to disclose *Loevy*.

6. On June 8, 2015, Cullum amended his Complaint using a complaint form, but did not disclose *Loevy* or *Will County*.
7. The complaint form included the following language:

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court relating to your imprisonment?

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. Failure to comply with this provision may result in the summary denial of your complaint.

The docket history reveals that *Will County* was commenced before the instant action and that Cullum was aware of *Will County* at the time he drafted the initial Complaint in this case. Moreover, the Amended Complaint is the operative complaint in this case and Cullum filed the Amended Complaint five months after initiating *Will County*. Additionally, the disposition in *Will County* belies Cullum's suggestion that his failure to disclose *Loevy* was inadvertent and constitutes excusable neglect. Specifically, *Will County* was dismissed with prejudice based in part on Cullum's failure to disclose *Loevy*. When presented with another opportunity – just four months later – to fully disclose his litigation history in the instant action, Cullum willfully chose not to do so, despite complete awareness of the consequences.

"In general, courts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). "Sanctions may include dismissing complaints containing fraudulent information." *Id.* "Such sanctions are permissible in a case like this because a district court relies on a party's description of his litigation history to manage its docket." *Id.* at 544.

Cullum's failure to disclose his litigation history warrants the imposition of sanctions. Accordingly, the Court has considered the appropriateness of monetary and evidentiary sanctions. In that regard, Cullum proceeds in forma pauperis, and monetary sanctions would have little effect on an already indigent litigant. Conversely, an evidentiary sanction will result in the dismissal of Cullum's claims against Defendants. Under above-referenced circumstances, dismissal with prejudice is the appropriate sanction. *See Hoskins*, 633 F.3d at 543 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999).

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Sanctions (Doc. 54) is **GRANTED**. This action is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 15, 2017**

    **s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**